IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-HC-2217-BO

| | |
|---|---|
| SYLVESTER SHED GRAHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NORA HUNT, ) | |
| ) | |
| Respondent. ) | |

Sylvester Shed Graham ("Graham" or "petitioner") petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is Nora Hunt's ("Hunt" or "respondent") motion for summary judgment. Petitioner responded, and the matter is ripe for determination.

## Background

Graham is a prisoner of the State of North Carolina. On May 16, 2005, Graham was indicted for first-degree murder. On June 1, 2006, in the Superior Court of Columbus County he entered into a plea and pled guilty to the lesser-included offense of voluntary manslaughter along with a specific sentence in the aggravated range of 95-123 months. Pursuant to the plea, petitioner admitted the statutory aggravating factor that the victim was appreciably impaired such that he was physically and mentally impaired. He was sentenced to 95-123 months imprisonment pursuant to the terms of his plea bargain. Geoffrey W. Hosford represented petitioner and he did not appeal.

On August 15, 2006, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Superior Court of Columbus County. On October 3, 2006, the MAR was denied. On October 27, 2006, petitioner filed a *pro se* certiorari petition in the North Carolina Court of Appeals. On

November 14, 2006, the North Carlina Court of Appeals denied certiorari review. On December 16, 2006, petitioner filed his *pro se* federal habeas application in this court.

## Discussion

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court's review of Graham's claims is governed by 28 U.S.C. § 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104, 132, 110 Stat. 1214 (1996). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A state court decision "involve[s] an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that

2

principle to the facts of the prisoner's case." *Id.* at 413. Additionally, there is no requirement the state court specifically cite United States Supreme Court cases as long as the ultimate decision is not contrary to, nor involves an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Early v. Packer*, 537 U.S. 3, ___, 123 S. Ct. 362, 365 (2002) (a state court need not cite, nor even be aware of, the United States Supreme Court cases in order to obtain the deferential standards of review found in § 2254(d) and (e)); *see Bell v. Jarvis*, 236 F.3d 149, 157-158 (4th Cir. 2000); *see also Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 1999); *see also Weeks v. Angelone*, 176 F.3d 249, 259 (4th Cir. 1999).

Only after a petitioner establishes that the state court's adjudication of his claims was "contrary to," or an "unreasonable application of" clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence, may a federal court proceed to review a state court judgment independently to determine whether habeas relief is warranted. *Rose v. Lee*, 252 F.3d 676, 690 (4th Cir. 2001). If the state court did not articulate the rationale underlying its adjudication, a federal habeas court must examine the record and the clearly established Supreme Court precedent to determine whether the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law. *Bell*, 236 F.3d at 158. If, however, the state court failed to adjudicate a properly presented claim, the federal court must review questions of law and mixed questions of law and fact *de novo*. *Fisher v. Lee*, 215 F.3d 438, 445 (4th Cir. 2000) (quoting *Weeks*, 176 F.3d at 258). Finally, the factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Id.*

3

B.  Graham's Claims

Graham raises four issues: 1) his conviction and sentence were obtained by the denial of his first-tier appellate review rights; 2) his conviction was obtained due to ineffective assistance of trial counsel; 3) he received an aggregate sentence without a valid waiver in violation of his right to a jury trial; and 4) the procedures used to raise his prior record level violated his right to due process.

1) Denial of Graham's Right to Appeal

Graham argues that he has been denied his right to appeal. He contends he submitted a timely written request to the trial court requesting appellate review which was ignored. He contends he was denied a belated appeal although he requested one in his Motion for Appropriate Relief (MAR). He contends the North Carolina Court of Appeals denied his appeal request by denying his certiorari petition. He contends error exists within the record which is reviewable on appeal.

Petitioner raised this issue in his MAR. Ground II of his MAR asserted "[m]y conviction was obtained due to the denial of my rights to appeal, without a valid waiver of my right to appeal, and errors reviewable on appeal do appear on the face of the record of my case." The MAR court found as fact that "there is no notice of appeal in the court file maintained by the Clerk of Superior Court" and summarily denied the MAR. The finding of fact is presumed correct on federal habeas review. 28 U.S.C. § 2254 (e)(1). Petitioner has not rebutted the MAR court's finding by clear and convincing evidence as required by ADEPA and the claim is dismissed.

Further, if petitioner is attempting to assert procedural claims that the MAR and certiorari petitions were improperly denied, the claims are not cognizable on federal habeas review. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas review."); *Wright v. Angelone*, 151 F.3d 151,

159 (4th Cir. (Claim of error in state post-conviction proceeding cannot support federal habeas relief), cert. denied, 525 U.S. 925 (1998).

Lastly, petitioner's claim that there are appealable issues in the record, is likewise a meritless claim. Petitioner plead guilty and received the sentence negotiated and set out in the plea agreement. Absent extraordinary circumstances, the solemn in-court representations of a defendant should be deemed conclusive. *Via v. Superintendent*, 643 F.2d 167 (4th Cir. 1981); *Little v. Allsbrook*, 731 F.2d 238 (4th Cir. 1984). The presumption of correctness applies to the findings contained in the printed transcript of the plea form, even without the stenographic transcript of the plea proceeding. *See Parker v. Raley*, 506 U.S. 20 (1992).

2) Ineffective Assistance of Counsel and 3) Illegal Sentence

Graham's second contention is one of ineffective assistance of counsel. His third contention is that he received an aggravated sentence without a valid waiver for a jury trial. Both issues are resolved by review of the voluntary and knowing nature of the guilty plea.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must satisfy a two-pronged test. First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Second, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

5

Petitioner claims ineffective assistance stating that:

> [t]rial counsel coerced me into pleading guilty to a crime that was not supported by the evidence, and applied improper pressure on me to push me over the edge, into accepting a type of sentence disposition not authorized by statute (aggravated) (sentence) unless a jury empanalled [sic]. I had never been involved with the court system, at that leave, and did not understand.

(Pet., Ground 2)

Likewise, petitioner asserts that the aggravated sentence is illegal because he did not knowingly waive his right to a jury trial.

The Supreme Court in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), requires a guilty plea to be voluntary, informed, and intelligent. A guilty plea is unacceptable if the defendant does not comprehend his constitutional protections and the charges lodged against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The accused must be advised of direct consequences of the plea, i.e., those results having definite, immediate and largely automatic effect on the range of punishment. *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364 (4th Cir. 1973). As stated above, absent extraordinary circumstances, the solemn in-court representations of a defendant should be deemed conclusive. *Via v. Superintendent*, 643 F.2d 167 (4th Cir. 1981); *Little v. Allsbrook*, 731 F.2d 238 (4th Cir. 1984). The presumption of correctness applies to the findings contained in the printed transcript of the plea form, even without the stenographic transcript of the plea proceeding. *See Parker v. Raley*, 506 U.S. 20 (1992).

The court finds the transcript of plea form from the state court proceeding illustrates petitioner entered into a knowing and voluntary plea. The transcript reflects that Petitioner swore in open court he had discussed his case with his lawyer. He also swore that the nature of the charges, as well as each element, had been explained to him by his attorney, and that his case was fully

discussed including possible defenses. He stated he was satisfied with counsel's legal services. Petitioner plead guilty. He swore he understood the full plea arrangement and that other than the written terms of his plea agreement, no other promises or threats existed which caused him to enter into the plea.

The plea stated petitioner understood he admitted the existence of aggravating factors. (Transcript of the Plea Form, # 16, Resp. Mot. For Summ. J.) Further the aggravating factors were set out as follows "the victim was appreciably impaired such that he was physically and mentally infirm." *Id.* Petitioner also asserted in the plea that he agreed "there are facts to support your plea and admission to aggravating factors and consent to the prosecutor summarizing the evidence related to this." *Id.* at #22. The terms stated "[t]he Defendant shall receive an active sentence of 95 months minimum to 123 month maximum." (Transcript of Plea Form, Resp. Mot. for Summ. J.)

The MAR court held that the plea entered by the Defendant [petitioner] understood that he was waiving any notice requirement regarding the aggravating factors and/or sentencing points. The court held petitioner understood the charges of the pleading to and the sentence he would receive. The court held there was no notice of appeal within the court file. The court held that pursuant to Structured Sentencing guidelines defendant's prior convictions would be used to calculate his record level for sentencing. Lastly, the court held that he was satisfied with his lawyers legal services.

The MAR court further found the MAR was untimely, the Defendant [petitioner] failed to demonstrate that the failure to consider the claims would result in a fundamental miscarriage of justice, and that no showing of ineffective assistance of counsel was made. Although the State court did not cite to any state or federal case law, there is no requirement the state court specifically cite United States Supreme Court cases as long as the ultimate decision is not contrary to, nor involves

7

an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362 (2000); *see also, Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 1999); *Weeks v. Anglone*, 176 F.3d 249, 259 (4th Cir. 1999)

The court finds that the guilty plea was knowing and voluntary as set out, and the holding of the MAR court was not contrary to or an unreasonable application of clearly established federal law as set out in *Boykin*. the plea has been determined to be knowing and voluntary. Further, petitioner cannot show prejudice from entering the knowing and voluntary plea with the requisite knowledge. Therefore, petitioner has failed to show that the representation he received fell below an objective standard of reasonableness. Likewise, as stated above, the terms in the plea agreement as to the sentencing range and the aggravated sentence were set out. Accordingly, the MAR court's determination of effective assistance of counsel and the imposition of a proper aggravated sentence were not contrary to or an unreasonable application of clearly established law as determined by the Supreme Court of the United States.

4) Violations of Due Process

Petitioner appears to argue that due process violations arise from the failure of the trial court to establish proof of his DWI conviction which was used in the computation of his prior record levl. He contends he never voluntarily stipulated to the conviction, nor did he knowingly and voluntarily waive his rights tot he court's procedures.

First, as correctly argued by respondent, this argument is resolved and denied based on the finding he entered into a knowing and voluntary plea as discussed above. Secondly, this claim was raised and summarily denied in his MAR and is therefore entitled to deferential review under 28 U.S.C. § 2254(d). *Bell v. Jarvis*, 236 F.3d 149, 176 (4th Cir. 2000); *see also, Nickerson v. Lee*, 971

8

F.2d 1125, 1128 - 30 (4th Cir. 1992). A defendant waives his right to appeal all non-jurisdictional constitutional violations occurring prior to a knowing and voluntarily plea of guilty. *Tollett v. Henderson*, 411 U.S. 258 (1973); *United States v. Caicedo*, 2007 WL 4190385 (4th Cir. 2007); *United States v. Moreno-Serafin*, 2007 WL 3032798 (4th Cir. 2007). The calculation of petitioner's prior record is an antecedent, non-jurisdictional issue, waived by his voluntary, knowing, and counseled plea. Therefore, the issue has been waived and the summary dismissal by the MAR court of the prior history point calculation issue was not contrary to or an unreasonable application of clearly established law as determined by the Supreme Court of the United States.

Accordingly, the motion for summary judgment is ALLOWED and the matter is DISMISSED. Having so determined, all other pending motions are MOOT.

SO ORDERED, this the 14 day of February 2008.

TERRENCE W. BOYLE
United States District Judge

9